

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

February 8, 1966

Honorable J. W. Edgar
Commissioner of Education
Texas Education Agency
201 East 11th
Austin, Texas

Opinion No. C-601

Re: Whether a school district
may legally use available
surpluses realized from
profits in the operation
of its cafeterias to pro-
vide lunches for its
needy pupils.

Dear Dr. Edgar:

Your request for an opinion from this office on the
above captioned matter is based upon facts stated in your
letter as follows:

"A school district board (Fort Worth) is
studying a problem of feeding its needy school
children. It is anxious to develop a program
to provide lunches for their children without
having to use the National School Lunch Program.

"Its cafeteria operation is self-sustaining;
no tax money whatsoever goes into the operation.
Currently the cafeteria program has a nice surplus
and the school district would like to use this
money for feeding needy pupils if it is legal
to do so.

"The school board has requested this Agency
to obtain an opinion from your Office on the
following submitted question:

"Legally, may a school district use
available surpluses realized from profits in
the operation of its cafeterias to provide
lunches for its needy pupils?

"Surplus realized from district operated
cafeterias would be public or local maintenance

funds of the district 'derived from other local sources' within the meaning of paragraph 2 of Article 2827. . . ."

You further observe that:

". . .even school districts which elect to operate their cafeteria programs under the National School Lunch Act (42 U.S.C. 1751-1760) and its regulations are required to supply lunches without cost or at reduced prices to all children who are determined by the school authorities to be unable to pay the full price thereof; and further, that many districts have found it necessary occasionally to supplement the costs of their program with other local maintenance funds."

Section 1, Article VII, Constitution of Texas, which provides for the establishment of public schools, states:

"A general diffusion of knowledge being essential to the preservation of the liberties and rights of the people, it shall be the duty of the Legislature of the State to establish and make suitable provision for the support and maintenance of an efficient system of public free schools." (Emphasis added).

Pursuant to this Constitutional provision, the Legislature has enacted statutes granting broad powers to the governing body of school districts in the accomplishment and fulfillment of this mandate. Specifically, the Legislature authorized the expenditure of local school funds by the enactment of Article 2827, Vernon's Civil Statutes, which, in part provides:

". . .and for other purposes necessary in the conduct of the public schools to be determined by the Board of Trustees, . . ."

The establishment and maintenance of a cafeteria for the welfare of the student body is a reasonable exercise of discretionary powers conferred on a board of school trustees

and is a governmental function. Bozeman v. Morrow, 34 S.W.2d 654 (Tex.Civ.App. 1931), Hoskins v. Commissioner of Internal Revenue, 84 F.2d 627 (1936).

There can be little doubt that the operation of school cafeterias are vital and essential to "an efficient system of public free schools" and that cafeterias are recognized by prominent educators throughout the United States as an integral part of the educational program in that they are necessary for the attendance, health, safety, morals and proper discipline of the student body and results in a benefit to the whole district, its administration, faculty and students. The school cafeteria is a necessary convenience, and is not obnoxious to any constitutional or statutory inhibitions, and, we think, a reasonable exercise of the discretionary power conferred by law upon the board of trustees. Goodman v. School District, 32 F.2d 586, 63 A.L.R. 92 (1929).

The fact that a surplus realized from the operation of the cafeteria and that such surplus, which we assume is negligible, is used to defray the cost of meals of its needy children is not an abuse of the discretion vested in the school district board to operate and support an efficient system of education, so long as such practice is not carried beyond reasonable bounds. Especially is this true in instances where pecuniary profit is not the motive. Bozeman v. Morrow, supra; Moseley v. City of Dallas, 17 S.W.2d 36 (Tex.Comm. 1929); Goodman v. School District, 32 F.2d 586, 63 A.L.R. 92 (1929); Annotations: Operation of eating place by school authorities, 63 A.L.R. 100; Use of school property, 94 A.L.R.2d 1278. See also, Southwestern Broadcasting Co. v. Oil Center Broadcasting Co., 210 S.W.2d 230 (Tex.Civ.App. 1948, ref., n.r.e.).

We view the National School Lunch Act (42 U.S.C. 1751-1760) as complimentary or as an alternative method of operating a school cafeteria, which provisions a school district board may in its sound discretion at its option accept or reject.

In conclusion, it is our opinion that under the authority of Article 2827, Vernon's Civil Statutes, and the authorities cited herein, a school district may legally use available surpluses realized from the operation of its

cafeterias to provide lunches for its needy pupils upon the determination by its Board of Trustees, in its sound discretion, that such use is a necessary cost in the efficient conduct of its public schools.

## SUMMARY

Under the authority of Section 2, Article 2827, V.C.S., and the authorities cited, a school district may legally use available surpluses realized from the operation of its cafeterias to provide lunches for its needy pupils upon the determination by its Board of Trustees, in its sound discretion, that such use is a necessary cost in the conduct of an efficient system of its public schools.

Yours very truly,

WAGGONER CARR
Attorney General

By: J. Phillip Crawford
Assistant

JPC:ra:sj

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
Wade Anderson
Linward Shivers

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright